**Michael Kent HAMILTON, Appellant–Plaintiff,**

v.

**Lilly Lois HAMILTON, Individually and as Personal Representative of the Estate of PHilip Keith Hamilton, Appellee–Defendant.**

No. 80A02–0510–CV–929.

Court of Appeals of Indiana.

Dec. 27, 2006.

Adam N. Cook, Cook Law Offices, P.C., Robert F. Hunt, Hunt, Hassler, & Lorenz, LLP, Terre Haute, IN, Attorneys for Appellant.

Thomas J. Trauring, Kokomo, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

## STATEMENT OF THE CASE

Appellant–Plaintiff, Michael Kent Hamilton (Michael), appeals a jury verdict and judgment in favor of Appellee–Defendant, Lilly Lois Hamilton (Lois), Personal Representative of the Estate of Philip Keith Hamilton.

We affirm.

## ISSUES

Michael raises four issues on appeal, which we consolidate and restate as the following two issues:

(1) Whether the trial court properly instructed the jury regarding the burdens and presumptions associated with proving that a testator was subject to undue influence at the time his Last Will and Testament was executed; and

(2) Whether the trial court properly admitted certain statements made by the testator.

## FACTS AND PROCEDURAL

## HISTORY [1]

Michael is the son of, and Lois is the widow of, Philip Keith Hamilton (the Decedent), who died on December 11, 2003. Michael is the Decedent's son from a previous marriage. The Decedent married Lois, his third wife, in 1977. Lois is the Personal Representative of the Decedent's Estate, and Michael is the Decedent's sole surviving child.

The Decedent, a farmer, began discussions of creating a will and planning for his estate with his attorney, Ben Hobbs (Hobbs), in 1998. Although Hobbs drafted a will for the Decedent at that time, it was never executed. In the summer of 2000, the Decedent underwent open-heart surgery. During his hospitalization, the Decedent was evaluated by both the neurology and psychiatric departments, which revealed that he suffered from the early stages of dementia accompanied by paranoia. Following his surgery and hospitalization, the Decedent contacted Hobbs to execute a power of attorney for him, in which he designated Lois as his power of attorney. At that time, the Decedent and Hobbs again discussed executing a will. Thereafter, on December 31, 2001, the Decedent signed a will leaving his entire estate to Lois, with the remainder to be given to a community foundation to create scholarships in the name of his late daughter.

In 2003, the Decedent contacted Hobbs for advice on a boundary line dispute, and also mentioned that he had changed his mind as to the contingent beneficiary in his will. Rather than designate the community foundation as a contingent beneficiary, the Decedent had decided to designate a charity. Subsequently, on August 14, 2003, the Decedent executed his Last Will and Testament (the Will), again leaving all of his property to Lois, but revising the contingent beneficiary. Four months later, in December of 2003, the Decedent passed away.

On February 12, 2004, Michael filed a Verified Complaint to Contest the Will. On March 4, 2004, Lois filed a Motion to Dismiss the complaint, which was heard and denied by the trial court on May 5, 2004. On August 30, 2005 through September 1, 2005, a jury trial was held. At the close of the trial, the jury returned a verdict in favor of Lois.

Michael now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Michael argues that the jury erred in its conclusion that the Will is valid. Specifically, Michael argues that the trial court erred in its instructions to the jury regarding the burdens and presumptions related to will contests. Additionally, Michael contends that the trial court erred in admitting into evidence certain statements of the Decedent.

### I. Jury Instructions

Jury instructions serve to inform the jury of the law applicable to the facts presented at trial, enabling it to comprehend the case sufficiently to arrive at a just and correct verdict. *Blocher v. De-Bartolo Properties Management, Inc.,* 760 N.E.2d 229, 235 (Ind.Ct.App.2001), *trans. denied.* Jury instructions are committed to the sound discretion of the trial court. *Id.* In evaluating the propriety of a given instruction, we consider: (1) whether the instruction correctly states the law, (2) whether there is evidence in the record supporting the instruction, and (3) whether

1. Appellee's Motion to Strike Appellant's Statement of the Facts, filed on August 1, 2006, is hereby denied.

the substance of the instruction is covered by other instructions. *Id.* An erroneous instruction warrants reversal only if it could have formed the basis for the jury's verdict. *Id.* at 235–36.

Michael contends that the trial court erred in giving Instruction No. 3, which stated:

> [Michael] has brought this claim to contest the validity of a written instrument entitled Last Will and Testament of [the Decedent,] dated August 14, 2003.
>
> [Michael] claims the written instrument dated August 14, 2003, is not the Will of [the Decedent] because:
>
> (1) The signature of [the Decedent] was obtained under the duress of his spouse, [Lois]; or
>
> (2) [The Decedent] was of unsound mind and lacked testamentary capacity at the time [the Will] was signed.
>
> [Lois] denies that she coerced [the Decedent] or that he lacked testamentary capacity when he signed [the Will] on August 14, 2003. [Lois] has no burden to disprove [Michael's] claims[,] as I have already stated it is the Plaintiff who has the burden to prove his claims.

(Appellee's App. p. 4). In particular, Michael asserts that this instruction was improper because Lois, as the Decedent's attorney-in-fact, was in a dominant position to the Decedent, thereby shifting the burden to her to rebut the presumption that the Will was the result of undue influence exerted by her.

 Indiana recognizes certain legal and domestic relationships that raise a presumption of trust and confidence as to the subordinate on the one hand, and a corresponding influence as to the dominant party on the other. *Meyer v. Wright*, 854 N.E.2d 57, 60 (Ind.Ct.App.2006), *reh'g denied.* Relationships included in this category are those of attorney and client, guardian and ward, principal and agent, pastor and parishioner, and parent and child. *Id.* However, this list is not necessarily exhaustive. *Id.* If the plaintiff's evidence establishes (1) the existence of such a relationship, and (2) the questioned transaction between the parties resulted in an advantage to the dominant party in whom the subordinate party had placed his or her trust and confidence, the law imposes a presumption that the transaction was the result of undue influence exerted by the dominant party, constructively fraudulent, and, thus void. *Id.* The burden of proof then shifts to the dominant party to rebut the presumption by clear and unequivocal proof that the questioned transaction was made at arm's length and was therefore valid. *Id.*

 In the instant case, Michael is correct in stating that the designation of a power of attorney creates a fiduciary relationship between the principal and his agent, or attorney-in-fact. *Meyer,* 854 N.E.2d at 61 n. 2; *see also In re Estate of Wade,* 768 N.E.2d 957, 962 (Ind.Ct.App. 2002), *trans. denied; WW Extended Care, Inc. v. Swinkunas,* 764 N.E.2d 787, 792 (Ind.Ct.App.2002). Ordinarily, where the exercise of an attorney-in-fact's powers are brought into question, the burden of proof is on the party asserting breach of fiduciary duty; however, in a will contest, where the plaintiff establishes that a relationship of confidence and trust existed between the testator and the defendant, and the defendant benefited from the will, a presumption of undue influence arises and shifts the burden of going forward to the dominant party. *WW Extended Care, Inc.,* 764 N.E.2d at 792; *Outlaw v. Danks,* 832 N.E.2d 1108, 1110 (Ind.Ct.App.2005), *trans. denied.* The dominant party must demonstrate by clear and unequivocal evidence that he or she acted in good faith

and did not take advantage of the trusted relationship. *WW Extended Care, Inc.,* 764 N.E.2d at 792.

While, initially, we find merit in Michael's argument that the jury should have been instructed that it was Lois' burden to rebut a presumption of undue influence, we also find that this contention is at odds with Indiana law's exclusion of spouses from the category of dominant-subordinate relationships from which a presumption of undue influence arises. *Meyer,* 854 N.E.2d at 60 n. 1. In *Womack v. Womack,* 622 N.E.2d 481, 483 (Ind.1993), our supreme court determined that we had properly set forth a decision eliminating the common law presumption of undue influence in transactions between spouses. In affirming the decision of this court, our supreme court pronounced:

> Because we believe the presumption of undue influence is an antiquated rule of law, we extend the principle of [*Estate of Banko,* 622 N.E.2d 476 (Ind.1993),] [2] and hold that the law no longer recognizes a presumption of undue influence in a transaction between spouses based on the confidential relationship of husband and wife and a showing that the dominant spouse benefited from the transaction. Rather, the burden of proof remains with the spouse seeking to set aside the transaction to establish that the other spouse exercised undue influence over him.

However, this maxim is not directly transferable to the argument or the set of facts in the case before us. In the present case, Michael bases his argument not on the relationship between husband and wife, but on the relationship between a power of attorney and his agent. Additionally, the case at hand involves a child, rather than a spouse, seeking to set aside a transaction between spouses. Nevertheless, we conclude that the impact is the same. The disputed transaction is one between spouses, *i.e.,* the Decedent's designation of Lois, his wife, as the sole beneficiary under his Will. As such, we conclude that it would go against the thrust of *Womack* to coat such a transaction with a veil of undue influence. Consequently, we believe Lois' position as the Decedent's power of attorney is secondary to her position as the Decedent's spouse. To hold otherwise would discourage spouses from choosing one another as power of attorney, when often times a spouse is in the most genuine position of trust to make financial decisions for an incapacitated spouse. Therefore, we hold that the trial court did not err in instructing the jury that the burden was Michael's to prove that Lois unduly influenced the Decedent in executing his Will.

Additionally, because the issue in front of us was framed in terms of a challenged jury instruction, and an erroneous instruction warrants reversal only if it could have formed the basis of the jury's verdict, we note that it would have been possible to resolve this issue without addressing the aforementioned conflict between spouse and attorney-in-fact. *See Blocher,* 760 N.E.2d at 235–36. Undue influence is defined as "the exercise of sufficient control over the person, the validity of whose act is brought into question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised." *Wade,* 768 N.E.2d at 962. Our review of the record shows ample evidence that Lois

---

**2.** In *Banko,* our supreme court held that, by statute, there is a presumption that a survivor to a joint account is the intended receiver of the account proceeds regardless of the relationship between the parties and that this presumption replaces the common law presumption of undue influence. *Womack,* 622 N.E.2d at 483.

exerted little, if any, control over the Decedent during the fifteen-plus years they were married. Thus, whether the burden was on Michael or Lois to prove or rebut undue influence, any jury instruction related thereto was unlikely to form the basis of the jury's decision on this matter.[3]

## II. *Hearsay*

Michael also contests the admissibility of "written instructions and [ ] oral statements made [by the Decedent] to his attorney, Lois, and others, regarding his intentions." In addition, Michael alleges that the trial court improperly admitted into evidence the contents of the Decedent's previous Will executed in 2001. However, in neither of these arguments does Michael cite to particular statements or exhibits in the record. Because we refuse to comb through the entire record in search of such statements and evidence, we waive this argument for our review. *See* Ind. Appellate R. 46(A)(8)(d).

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly gave Jury Instruction No. 3 and that Michael has waived his argument that the trial court improperly admitted certain evidence.

Affirmed.

BAILEY, J., and MAY, J., concur.

---

**3.** Further, Michael haphazardly infers he is challenging Jury Instructions No. 5 and No. 9, as well as the trial court's refusal of several proposed jury instructions. However, we find these additional assertions incoherent and unsupported by any legal reasoning, and thus waive them for our review. *See* Ind. Appellate R. 46(A)(8)(a).